MINA PARKER, PETITIONER-PROSECUTOR, v. JOHN A. ROEBLING'S SONS COMPANY, RESPONDENT-RESPONDENT.

Submitted January 22, 1947—Decided May 4, 1947.

Before Justices BODINE and WACHENFELD.

For the petitioner-prosecutor, *George Pellettieri*.

For the respondent-respondent, *Crawford Jamieson*.

The opinion of the court was delivered by

WACHENFELD, J.   The two questions presented in this workmen's compensation case are the extent of permanent disability suffered by the employee and the fee which may be allowed to counsel.

Mina Parker was employed by the respondent and walking on the company premises on June 13th, 1944, when she stepped on a large cinder and turned her left ankle.   Immediate severe pain extended up the leg to the groin.   With the aid of fellow workers she went to the company first-aid room, where her ankle was X-rayed, soaked, treated with salve and strapped.   She was then sent home and for four days was taken to the company hospital for further similar treatment.   Thereupon, the company physician advised her to return to work, which she did.   The company continued to treat her for almost two years and she was still under its care at the time of the hearing in this cause.   In March, 1945, the left ankle was operated upon and she was in the hospital for two weeks, on crutches for two months and out of work for four months.

At the present time she has very little feeling in the left foot and no control over her toes.   The ankle is stiff and rigid.   Something in her foot gives out suddenly, causing her to fall.   She wears a bandage over the foot and ankle and is unable to walk without it.   Her left knee swells up when the ankle is bandaged but subsides upon removal.   Prior to the accident her left leg was in good condition but now she claims to feel pain up the side of her leg to the thigh, especially on rainy days.

Three company physicians who had treated the prosecutor for a year and a half since the day of the accident at no time

found any injury to any other part of her leg other than the ankle and limited treatment to a sprain of the left ankle. One explained the swelling of the knee as due not to injury of tissue around the knee but to the constricting support which is necessary to extend approximately halfway to the knee. His estimate was that the employee has suffered 35 per cent. disability of the left foot. The second treating physician estimated permanent disability to be 25 per cent. of the foot. A neurologist to whom the company sent the prosecutor found all disability limited to the foot and ankle.

Prosecutor's proof of injury to the knee and thigh rests principally on the testimony of an orthopedic surgeon who made five separate examinations (several at patient's request) for the purpose of testifying only. In addition to injury to the foot and ankle, he testified the posterior portion of the left knee and lower thigh tender on pressure, the left knee flexion 80 per cent. of normal and a marked tendon friction on motion. He estimated permanent disability to be 50 per cent. of the left leg.

The employee's claim is solely for permanent injury. Respondent admits all the elements of the petition except the extent of injury and in its answer offered 25 per cent. of the left foot. The Bureau awarded partial permanent disability based upon 35 per cent. of the left leg and counsel fees of $180. The Common Pleas affirmed the allowances for witnesses and other costs but reduced the award to 35 per cent. of the left foot, which includes the ankle, and allowed only $50 counsel fees for prosecutor, that is, 20 per cent. of the difference between the award and the offer.

It is well settled that an employee seeking compensation under *R. S.* 34:15–7, *et seq.*, must establish the elements of the claim by a preponderance of the evidence and if the evidence is in equipoise an award cannot be allowed. *Jones* v. *Newark Terminal and Transportation Co.*, 128 *N. J. L.* 190; *affirmed, sub nominee, Jones* v. *Court of Common Pleas*, 129 *Id.* 58. The preponderance of the proof establishes the disability is limited to 35 per cent. of the foot, which includes the ankle. The testimony of the three company physicians is very compelling, not because of its numerical weight but being

attending physicians they are in a better position to express opinions as to cause and effect than a medical expert who has made examinations solely for the purpose of testifying. *Fusco* v. *Cambridge Piece Dyeing Corp.,* 135 *Id.* 160.

As to the question of counsel fees, it is argued that the 20 per cent. maximum imposed by *R. S.* 34:15–64 limits the amount of counsel fee that can be assessed only as against the employer and not as against the employee. There is nothing in the statute to warrant such an interpretation. The section provides the maximum fee which may be awarded to the prevailing party by the Bureau or the Common Pleas Court shall be 20 per cent. of the award or the amount that the award is in excess of the offer made. Furthermore, this court has heretofore held that counsel fees in excess of the limitation of the statute are beyond the powers of the Bureau. *Guerrero* v. *J. P. White & Co.,* 12 *N. J. Mis. R.* 148.

Judgment affirmed.